FORM B104 (08/07)                                                                                                    2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Printing Industries Credit Union | **DEFENDANTS**<br>Santos R. Salinas |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>GARWACKI & ASSOCIATES<br>631 S. Olive St., Suite 120, Los Angeles, CA 90014<br>213.833.5880 | **ATTORNEYS** (If Known)<br>Law Offices of Tyson Takeuchi<br>1100 Wilshire Blvd., Suite 2606, Los Angeles, CA 90017<br>213.637.1566 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Defendant incurred a consumer debt within the 90 days prior to filing his bankruptcy. Defendant opened a credit account and received a cash distribution about a week prior to the filing of the case. Plaintiff alleges the loan was taken out via fraud, as presumed under 11 USC 523(a)(2).

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 6,295.07 |

Other Relief Sought
Reasonable attorneys' fees and costs

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| **NAME OF DEBTOR**<br>Santos R. Salinas | **BANKRUPTCY CASE NO.**<br>2:14-bk-25634 | |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District | **DIVISIONAL OFFICE**<br>Los Angeles | **NAME OF JUDGE**<br>Robert N. Kwan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE**<br>10/31/14 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>E. Richard McGuire, SBN 282511 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

E. Richard McGuire, SBN 282511
**GARWACKI & ASSOCIATES**
631 S. Olive St.
Suite 120
Los Angeles, CA 90014
Tel: 213.833.5880
Facsimile: 213.833.5885
Richard.mcguire@prodigy.net

Attorney for Creditor,
PRINTING INDUSTRIES CREDIT UNION

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re, | Case No.: 2:14-bk-25634-RK\ |
| SANTOS R SALINAS | Chapter 7 |
| Debtor(s) | **COMPLAINT BY CREDITOR PRINTING INDUSTRIES CREDIT UNION TO DETERMINE NON-DISCHARGEABILITY OF DEBT** |
| | 11 USC §523(a)(2) |
| PRINTING INDUSTRIES CREDIT UNION | Hearing Date: TBD |
| Plaintiff, | **Hon. Robert Kwan** |
| Vs. | |
| SANTOS R SALINAS | |
| Defendant | |

Plaintiff, PRINTING INDUSTRIES CREDIT UNION ("Plaintiff") complains and alleges as follows:

**I.    PRELIMINARY ALLEGATION:**

1.    The court has jurisdiction over this matter and proceeding pursuant to *28 U.S.C. §157(b)(2)(H), (I)* (core proceeding), 1134(b), and 11 USC §727;

///

COMPLAINT BY CREDITOR PRINTING INDUSTRIES CREDIT UNION TO DETERMINE NON-DISCHARGEABILITY OF DEBT - 1
GARWASKI & ASSOCIATES
631 S. Olive St., Suite 120, Los Angeles, CA 90014
213.833.5880

2. Pursuant to Bankruptcy Rule 7008, Plaintiff declares that this action is a core proceeding brought under and pursuant to the authority contained in 28 U.S.C. §157(b)(2)(H), and (I), and, further, requests that the above-entitled Court make a final order or judgment in this proceeding;

3. Venue is properly laid in the Central District of California by the authority contained in 28 U.S.C. §1408 and 1409(a);

4. Plaintiff is, and at all times herein mentioned was, a credit union and is a creditor and party in interest in this matter and proceeding, and is authorized to do business in the State of California;

5. Creditor holds an "Allowable Claim" as that term is defined under 11 U.S.C. §502(a);

6. On or about August 14, 2014, Defendant SANTOS R SALINAS ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and an order for relief has been entered;

7. This court has set November 21, 2014, as the last date for filing a Complaint to Determine the Dischargeability of any debt pursuant to 11 U.S.C. §523;

## II.  **FACTS**

8. On or about August 6, 2014, Defendant applied for an unsecured "Signature Loan" for the amount of $6,295.07 ("Application");

9. On or about August 6, 2014, Plaintiff approved defendant's application, and provided Defendant with a Loan Agreement and Consumer Credit Disclosure Statement ("Agreement"), and assigned an account number to the loan. A true and correct copy of the Application and Agreement is attached hereto as Exhibit "1", and is incorporated by reference, herein;

10. Pursuant to the terms of the Agreement, the funds from the loan were to be applied pursuant to the following schedule: $4,795.07 used to pay off an existing loan, and $1,500.00 to be given directly to the Member.

11. On or about August 14, 2014, Defendant filed a petition under Chapter 7 of the United States Bankruptcy Code, and was assigned case number 2:14-bk-25634-RK ("Case").

**III.    FIRST CAUSE OF ACTION FOR NONDISCHARGEABILITY UNDER 11 USC 523(a)(2)**

12. Plaintiff hereby incorporates and realledges each and every allegation and fact contained in the Preliminary Allegations and Facts, above;

13. Creditor alleges that the extension of $6,295.07 is nondischargeable as presumptively fraudulent, under Section 523 of the Bankruptcy code, which states that a debt is not dischargeable if that debt is:

> *"for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by:*
> *(A) False pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;…" (11 USC §523(a)(2)(A)*
> *"for purposes of subparagraph (A)—*
> *(I) Consumer debts owed to a single creditor and aggregating more than $500 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable;*
> *(II) Cash advances aggregating more than $750 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable"*
> *(11 USC §523(a)(2)(c)(i)(I) and (II)*

14. Though Defendant only received, to himself directly, $1,500.00, the issuance of this payment was part of, not separate from, the loan, in its

entirety. Defendant did not receive a loan for $4,795.07 and a separate loan for $1,500.00. He received one loan, which resulted in a payment to him.

15. Defendant obtained a loan which resulted in a disbursement of money to him, then 8 days later hired a bankruptcy attorney and filed the instant bankruptcy case.

16. Defendant makes no mention of the loan, or the receipt of the payment, in any of his petition documents or schedules.

17. Defendant's entire debt was incurred less than 90 days prior to the filing of the Case, in fact less than 2 weeks prior to filing the case, and therefore should be declared nondischargeable as presumptively fraudulent under 11 USC §523(a)(2)(A).

WHEREFORE Creditor prays for the following:

**As to the first cause of relief**:

1. That Debtor's indebtedness to Creditor be determined to be nondischargeable under 11 USC 523(a)(2)(A);

2. That Plaintiff be awarded reasonable attorneys' fees and costs of suit incurred within;

3. For other such relief as the Court may deem just and proper.

Dated: 10/31/2014        GARWACKI & ASSOCIATES

By, _____
E. Richard McGuire
Attorneys for Plaintiff

COMPLAINT BY CREDITOR PRINTING INDUSTRIES CREDIT UNION TO DETERMINE NON-DISCHARGEABILITY OF DEBT - 4
GARWASKI & ASSOCIATES
631 S. Olive St., Suite 120, Los Angeles, CA 90014
213.833.5880